

**IN THE**
**TENTH COURT OF APPEALS**

## No. 10-20-00269-CV

## IN THE INTEREST OF KRH-B, A CHILD

**From the 220th District Court**
**Hamilton County, Texas**
**Trial Court No. FM06819**

# ABATEMENT ORDER

The reporter's record in this proceeding has not been filed.

The Court had enlisted the aid of the trial court[1] as required by the Texas Rules of Appellate Procedure to secure the record. *See* TEX. R. APP. P. 35.3(c). We informed the trial court that we believed a court reporter was not present to take reporter's notes but that an audio recording was made of the hearing which resulted in the order establishing a parent-child relationship being appealed. We asked the trial court to use whatever resources the court had at its disposal to cause a transcription of the audio recording to be made in a timely manner and filed with the Tenth Court of Appeals.

---

[1] All references to the trial court are to the Title IV-D associate trial court judge.

In response, the trial court advised this Court that "[t]he audio recording of the August 20, 2019, hearing is available," but that it had neither the resources nor ability to transcribe it. The trial court asked to be advised "as to the preferred method to get the recording [to this Court]."

The rules of appellate procedure provide for both stenographic and electronic recording of court proceedings. *See* TEX. R. APP. P. 34.6(a)(1), (2). But when an electronic recording is made as it was in this proceeding, certain other procedures must be followed to ensure an appellate record can be presented to the Court of Appeals. For example,

> If the proceedings were electronically recorded, the reporter's record consists of certified copies of all tapes or other audio-storage devices on which the proceedings were recorded, any of the exhibits that the parties to the appeal designate, and certified copies of the logs prepared by the court recorder under Rule 13.2.

TEX. R. APP. P. 34.6(a)(2). However, the appellate court is ***not*** required to review any part of the electronic recording. *See* TEX. R. APP. P. 38.5(b). Rule 13 provides for additional duties for the court recorder, such as:

(a) ensure that the recording system functions properly throughout the proceeding and that a complete, clear, and transcribable recording is made;

(b) make a detailed, legible log of all proceedings being recorded, showing:

(1) the number and style of the case before the court;
(2) the name of each person speaking;
(3) the event being recorded such as the voir dire, the opening statement, direct and cross-examinations, and bench conferences;
(4) each exhibit offered, admitted, or excluded;
(5) the time of day of each event; and
(6) the index number on the recording device showing where each event is recorded;

(c) after a proceeding ends, file with the clerk the original log;

(d) have the original recording stored to ensure that it is preserved and is accessible; and

(e) ensure that no one gains access to the original recording without the court's written order.

TEX. R. APP. P. 13.2. If a party to the proceeding is indigent, as appellant is in this appeal, Rule 38.5(d) requires the court recorder, in this case, the trial court, to "transcribe or have transcribed those portions of the recording that the party designates and must file the transcription as that party's appendix, along with all exhibits." TEX. R. APP. P. 38.5(d).

The inability of this Court to obtain a proper record might require a summary reversal and retrial of any judgment or order which relies upon the events that transpired at this hearing and any subsequent ruling or judgment that resulted from that hearing or order. *See* TEX. R. APP. P. 34.6(f).

Accordingly, this appeal is ABATED so that the trial court has the jurisdiction to conduct any hearings or issue any orders necessary so that it may comply with the above-mentioned rules and, within 45 days from the date of this ORDER,:

1. prepare and file with this Court certified copies of all tapes or other audio-storage devices on which the proceedings were recorded;

2. prepare and file with this Court any of the exhibits that the parties to the appeal designate;

3. prepare and file with this Court certified copies of the logs required under Rule 13.2; and

4. transcribe, or have transcribed, and file with this Court the recorded

   proceeding as the appellant's appendix.


PER CURIAM

Before Chief Justice Gray,
      Justice Johnson, and
      Justice Smith
Appeal abated
Order issued and filed September 21, 2021
[RWR]

